## Daniel v. International Longshoremen's Association, Local No. 1332 et al., Appellants.

Argued November 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

*Martin J. Vigderman,* with him *Abraham E. Freed-man,* and *Freedman, Borowsky and Lorry,* for appellants.

*Benjamin Kuby,* with him *Hershel J. Richman,* and *Klovsky, Kuby and Harris,* for appellee.

OPINION BY MR. JUSTICE JONES, March 18, 1971:

This is an appeal from the dismissal, by an order, of appellants'[1] preliminary objections questioning, *inter alia,* the jurisdiction of the court below.

A reading of the complaint demonstrates that, while appellee "was duly elected" President of Local 1332 of the International Longshoremen's Association (Union), that election was declared void by the Union's District Council. A subsequent election, the subject matter of this appeal, was then held wherein appellant Edward Cooper, II, was elected President. Following this second election the District Council conducted a hearing[2] and ordered Local 1332 to conduct a new election of officials. Despite this intra-union decision, affirmed by the Union's Executive Council, no election was held. Upon the failure of the Union to take any disciplinary action or otherwise enforce its order, appellee instituted this action in equity seeking an order compelling appellants to conduct the election and these preliminary objections were then filed.

---

[1] Appellant International Longshoremen's Association, Local 1332, is an unincorporated association affiliated with the AFL-CIO and the International Longshoremen's Association. Appellants Edward Cooper, II, and Charles Brown are the President and Secretary, respectively, of Local 1332.

[2] The complaint avers that this hearing was prompted by appellee's charges that the second election had been held in violation of federal law as well as the by-laws and constitution of Local 1332 and the International Longshoremen's Association. It is interesting to note that these are the very allegations necessary to proceed under the federal act.

It is appellants' position that the lower court had no jurisdiction over the alleged cause of action owing to federal preemption over this area of the law by Title IV, §402, 29 U.S.C. §482, of the Landrum-Griffin Act. Section 402 provides that a union member, having exhausted intra-union remedies, may file with the Secretary of Labor a complaint of violation of election laws, and, if the Secretary finds probable cause to believe that a violation occurred, he shall bring action in the United States District Court, to set aside the invalid election and direct a new election. Further, Section 403 of the Act provides that "the remedy provided by this subchapter for challenging an election already conducted shall be exclusive." 29 U.S.C. §483.

This specific statute was considered by this Court in *Mamula v. United Steelworkers*, 409 Pa. 175, 178-79, 185 A. 2d 595, 597 (1962):

"There is present, however, in this case an additional jurisdictional problem which requires our attention. Even though the supersedeas we granted permitted the election to continue, *we cannot ignore the preemption of our jurisdiction by Title IV*, Sec. 402, 29 U.S.C. Sec. 482 of the Landrum-Griffin Act.

"Where the Congress of the United States enacts a *comprehensive* statute which is intended to occupy the field, *the Supremacy Clause of the United States Constitution requires that the state legislature and judiciary defer to the superior command of Congress.* This doctrine is particularly applicable in the area of labor law which is covered in detail by numerous comprehensive federal statutes. E.g., Terrizzi Beverage Company v. Local Union No. 830, 408 Pa. 380, 184 A. 2d 243 (1962); Navios Corporation v. National Maritime Union of America, 402 Pa. 325, 166 A. 2d 625 (1960); Wax v. International Mailers Union, 400 Pa. 173, 161 A. 2d 603 (1960). The United States Court of Appeals

for the Third Circuit, in a companion to the present case, recently held that Title IV, Sec. 402, 29 U.S.C. Sec. 482 of the Landrum-Griffin Act 'governs the procedures for nominating and electing officers and sets forth exclusive remedies for violations of these procedures.' Mamula v. United Steelworkers of America, supra, 304 F. 2d 108, 109 (3d Cir. 1962). Although the issue of federal-state relations was not before it, the court indicated that *once an election has taken place an aggrieved member must follow the procedures and remedies prescribed in Title IV of the Act.* Mamula v. United Steelworkers of America, 304 F. 2d 108, 112, n.19 (3d Cir. 1962). In fact, the express congressional mandate contained in Title IV provides that '[t]he remedy provided by this sub-chapter for challenging an election already conducted *shall be exclusive.*' Title IV, Sec. 403, 29 U.S.C. Sec. 483. (Emphasis supplied.) Aside from the express language of the statute, the great detail and comprehensiveness of Title IV indicates that *Congress intended to occupy the field.*" (Emphasis supplied)

Notwithstanding the statutory provisions and the language in *Mamula,* it is appellee's argument, accepted by the court below, that any preemption discussion is irrelevant since this action does not challenge a previously held election, but only seeks to enforce the order of the Union that a new election be held. In this manner appellee contends that Section 402 is inapposite and that a union member can immediately go into state court if the union local refuses to follow the mandate of its governing body. We think not.

On the instant facts, the enforcement of the "new election" order necessarily involves the nullification of the second election. Stated differently, appellee's action indirectly challenges the second election, a matter within the purview of the federal statute.

The provisions of the statute as well as *Mamula* make it crystal clear that had the District and Executive Councils found the second election to be valid, appellee's only recourse would be to directly challenge the previously held election within the statutory framework of the federal legislation. Since the Union has failed to discipline Local 1332 or otherwise enforce its order, the second election effectively remains valid. Viewed in this light, we do not believe there is, or should be, a jurisdictional difference between the situation where a labor union orders a new election but chooses not to enforce its decision and the situation where the questionable election is initially approved. In either instance the issues are so nearly identical as to make no difference and should be first considered and resolved by the Department of Labor, the Congressionally-recognized body possessing the greatest familiarity with union problems. *Calhoon v. Harvey,* 379 U.S. 134, 140 (1964).

Accordingly, we conclude, as we did in *Mamula,* that Congress has preempted the field and thus foreclosed our jurisdiction under the instant factual posture.

Decree reversed.

Mr. Justice COHEN took no part in the decision of this case.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.